A97A1736. THE STATE v. BURKE.
(496 SE2d 755)

ANDREWS, Chief Judge.

The State appeals from the trial court's grant of the motion to suppress/in limine filed by Daniel Vincent Burke in this case. Burke was charged with driving under the influence;[1] driving with an unlawful drug present in his blood; driving with a suspended license; and driving with no license.[2]

In reviewing a ruling on a motion to suppress, the trial court's ruling on questions of fact and credibility must be accepted unless clearly erroneous and will not be disturbed if there is any evidence to

---

[1] One count each for driving under the influence of alcohol, drugs, alcohol and drugs, and unlawful drug present in blood or urine.

[2] These latter two charges were not affected by the motion and are not at issue here.

support them. *Rogers v. State*, 206 Ga. App. 654 (426 SE2d 209) (1992). This Court must construe the evidence most favorably to upholding the trial court's judgment in this regard. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994); *Alex v. State*, 220 Ga. App. 754 (1) (470 SE2d 305) (1996).

So viewing the evidence here, it was that Gwinnett County Officer Merry stopped[3] to investigate a number of people walking around in bushes on the side of the road around 9:30 p.m. A motorcycle was in the ditch, and Officer Merry joined the people looking for the driver. Shortly after the officer arrived, Elliot drove up to the scene in a pickup truck and said the motorcycle was his and that Burke had been driving it. Elliot told Officer Merry Burke's address, and the officer followed Elliot there after helping load the motorcycle into Elliot's truck.

Upon arriving at the residence, Officer Merry saw Burke walking around in the yard with a limp. He shone his flashlight on Burke's leg and saw blood. Burke then sat down, and Officer Merry asked if he had been driving the motorcycle. Burke said he had been and that someone pulled out of a driveway or road and hit the back end of the bike. While talking to Burke, the officer did not detect any odors or other manifestations that indicated intoxication. The officer then asked Burke if he had been drinking, and Burke said he had had two or three beers sometime before the accident. Asked for his driver's license, Burke told Merry he did not have it because it had been suspended for DUI.

The officer acknowledged that there were no outward indicia of intoxication and that he placed Burke under arrest for DUI based on the fact of the accident and his statement that he had had two or three beers. No field sobriety tests were administered by the officer. Officer Merry testified he requested the State-administered test pursuant to OCGA § 40-5-55 because Burke's license had previously been suspended for DUI and he had apparently left the scene of an accident. He also acknowledged, however, that since Burke was apparently injured in the accident, it would have been reasonable for him to go to his nearby residence for aid.

The State contends that there was probable cause to arrest for DUI or, in the alternative, that arresting Burke for driving with a suspended license allowed Officer Merry to give the implied consent warnings and obtain a chemical test under *Davis v. State*, 187 Ga. App. 517, 518 (1) (370 SE2d 779) (1988).

We conclude, as did the trial court, that there were insufficient

---

[3] Officer Merry could not recall whether he was dispatched to the scene or stopped while on routine patrol.

facts and circumstances within the knowledge of Officer Merry or of which he had reasonably trustworthy information sufficient to warrant a prudent man in believing that Burke had been driving under the influence. *Hall v. State,* 200 Ga. App. 585, 586 (409 SE2d 221) (1991). Burke displayed none of the telltale signs of inebriation — he was not slurring his speech, he did not smell of alcohol, his eyes were not bloodshot, he was not staggering, he was not given any of the field sobriety tests, and he had an explanation for the wreck. Compare *Singleterry v. State,* 227 Ga. App. 155 (489 SE2d 42) (1997) (glassy, watery eyes; smell of alcohol; erratic driving observed by officer; refusal to take field sobriety tests); *Martin v. State,* 214 Ga. App. 614 (1) (448 SE2d 471) (1994) (Martin rear-ended a truck at 8:00 a.m. on Georgia 400; could not explain doing so; was wearing dark sunglasses which, when removed, revealed dilated eyes which remained dilated in daylight, which the officer's training taught was a sign of drug use).

*Davis* holds that one need not be under arrest for DUI before the implied consent law applies as long as one is "under arrest for 'any offense' arising out of the acts concerning which the officer has at least 'reasonable grounds' to believe that a violation of OCGA § 40-6-391 occurred, [in which case] he may request the chemical test, even if then short of probable cause to arrest for substance-influenced driving." *Davis,* supra at 518-519 (1).

While Officer Merry did properly arrest Burke for driving with a suspended license, that alone does not supply the "reasonable grounds" required pursuant to OCGA § 40-5-55 (a) and *Davis.* Davis, for example, was involved in a head-on accident on the wrong side of a highway at 2:00 a.m. The officer, upon arriving at the hospital where Davis was taken, observed that his eyes were a little bloodshot and smelled the odor of alcohol on his breath. Here, only Burke's statement that he had had beer sometime that day and that his license was previously suspended for DUI were the only facts available to Officer Merry, and we conclude, as did the trial court, that these alone do not provide reasonable grounds under *Davis.* See *Martin,* supra.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 30, 1998.

*Gerald N. Blaney, Jr., Solicitor, Jeffrey P. Kwiatkowski, Assistant Solicitor,* for appellant.

*Gregory E. Lundy,* for appellee.