### A01A1175. DUVALL v. THE STATE.
(550 SE2d 479)

MIKELL, Judge.

A Henry County jury found Sean Pierre Duvall guilty of being an habitual traffic violator, driving under the influence to the extent that it was less safe to drive, and driving with an unlawful blood alcohol content. The trial court merged the less safe DUI conviction into the per se DUI conviction for sentencing purposes. Duvall appeals, claiming that the evidence was insufficient to support his convictions and that the police lacked reasonable grounds to invoke his implied consent to chemical testing under OCGA § 40-5-55 (a). We disagree and affirm.

On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict.[1] So viewed, the evidence shows that on October 12, 1997, police officer Joseph Wofford was performing his duties as a part-time security guard for the Shoney's Inn motel in Stockbridge. At approximately 4:30 a.m., Wofford saw an automobile enter the motel parking lot and pull into a parking space. Duvall exited the car from the driver's side, and the officer saw no other persons in the car. Duvall entered the motel lobby, and Wofford smelled a strong odor of alcohol coming from Duvall's person. He asked Duvall if he had been drinking. Duvall denied it, although he admitted he had been "partying." At trial, Duvall admitted he was lying to Wofford when he told the officer that he had not been drinking.

Other than the strong odor of alcohol, the officer testified that there was nothing about Duvall's demeanor that indicated that he was intoxicated. Wofford asked Duvall for his driver's license, but Duvall was unable to comply. When Wofford called Duvall's name and date of birth into police headquarters, he was informed that Duvall's license had been revoked and that Duvall was subject to out-

---

[1] *Grant v. State,* 195 Ga. App. 463, 464 (393 SE2d 737) (1990).

standing arrest warrants.

Wofford placed Duvall under arrest. Duvall said that his friend had been driving. The men walked to the car where an unconscious woman lay covered in vomit in the fully reclined passenger seat. Evidence was presented that the woman had been driving earlier in the evening. Police took Duvall to the Henry County Sheriff's Department, where he was informed of his implied consent rights and was administered breath tests indicating a blood alcohol content of 0.122 and 0.113 grams.

1. The evidence must be sufficient to allow a reasonable trier of fact to find Duvall guilty of the offenses for which he was convicted beyond a reasonable doubt.[2] Duvall claims that all of his convictions depended upon a showing that he was driving, and that Officer Wofford did not see him driving. Duvall argues that because his convictions were based on circumstantial evidence that he was driving, the evidence must also be sufficient to exclude every reasonable hypothesis other than his guilt, in this case, that his companion had been driving rather than Duvall.[3] We find the evidence sufficient to exclude Duvall's claim that the woman was driving. Testimony at trial indicated that at the time the car arrived at the motel, the woman was incapacitated, and that Duvall exited the car from the driver's side after it had come to a stop in the parking lot.

2. Duvall next claims that the police had no reasonable grounds to invoke the implied consent procedure and test his blood alcohol content. Relying on *State v. Burke*,[4] he argues that because he exhibited no signs of inebriation and was arrested on grounds other than suspicion of DUI, in this case outstanding warrants, no reasonable basis existed to subject him to a blood alcohol test. We disagree.

The police may begin the chemical testing procedure so long as the suspect is "under arrest for any offense arising out of the acts concerning which the officer has at least reasonable grounds to believe that a violation of OCGA § 40-6-391 occurred."[5] In this instance, the arresting officer knew that Duvall was driving with a revoked license. Thus, Duvall was arrested in connection with this driving-related offense as well as the outstanding warrants. Although *Burke* makes it clear that driving with a suspended license alone is not grounds for invoking the implied consent law, *Burke* is distinguishable because in that case the defendant displayed no outward sign of possible intoxication, including no odor of alcohol.[6] Here,

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] OCGA § 24-4-6; see *Wiley v. State*, 238 Ga. App. 334 (2) (519 SE2d 10) (1999).

[4] 230 Ga. App. 392 (496 SE2d 755) (1998).

[5] (Punctuation omitted.) Id. at 394.

[6] Id. at 393.

however, the officer identified a strong odor of alcohol on Duvall's person.

We find *Clay v. State*,[7] upon which Duvall also relies, to be inapposite. *Clay* stands for the proposition that a "less safe" DUI conviction cannot be supported solely on evidence that the defendant smelled of alcohol. Here, the strong odor of alcohol on Duvall's person was part of the state's justification for commencing the implied consent testing procedure.[8] The results of the tests supported Duvall's per se DUI conviction.

3. Finally, Duvall argues that the evidence was insufficient to convict him for driving under the influence to the extent he was a less safe driver. However, we need not address this enumeration. The trial court merged this count into the OCGA § 40-6-391 (a) (5) conviction for driving with an unlawful blood alcohol content. The only DUI sentence was entered on that count. We need not consider an enumeration of error which addresses the sufficiency of the evidence to convict on a count on which the trial court failed to enter judgment.[9]

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED JUNE 13, 2001.

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III, Larkin M. Lee*, for appellant.

*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney*, for appellee.

---

[7] 193 Ga. App. 377, 378-379 (2) (387 SE2d 644) (1989).

[8] OCGA § 40-5-55 (a); see *Davis v. State*, 187 Ga. App. 517 (370 SE2d 779) (1988).

[9] *Carter v. State*, 269 Ga. App. 420, 422 (2) (499 SE2d 63) (1998); *Sanders v. State*, 212 Ga. App. 832-833 (2) (442 SE2d 923) (1994).