A02A0285. ST. GERMAIN v. THE STATE.
(567 SE2d 107)

BARNES, Judge.

A jury found Gilles St. Germain guilty of driving under the influence to the extent it was less safe to drive and driving with an unlawful blood alcohol content. The trial court merged the less safe conviction into the per se DUI conviction for sentencing purposes. St. Germain appeals, contending that the trial court erred by denying his motion to suppress the results of the breath test and in failing to grant a mistrial after a witness had contact with the jurors. He also asserts the general grounds. For reasons that follow, we affirm.

1. St. Germain contends the implied consent warning he received was inadequate under OCGA § 40-5-67.1 (b) because it failed to advise him that the test results would be used against him in a court of law. We find no merit in this enumeration. First, the warnings required by OCGA § 40-5-67.1 (b) do not include language advising that the test results can be used in a trial. Second, our Supreme Court determined in *Klink v. State*, 272 Ga. 605, 606-607 (1) (533 SE2d 92) (2000), that the implied consent warnings do not violate due process by failing to tell the suspect that the test results can be used at trial.

2. St. Germain contends the trial court should have granted a mistrial after one of the arresting officers spoke to some of the jurors while entering the courtroom. The record shows only that the follow-

ing transpired after the officer was called to the witness stand by the State:

> [DEFENSE COUNSEL]: Judge, can we come on up?
> THE COURT: Come on up.
> (Discussion ensued off the record.)
> THE COURT: Folks, I am charged with the task of keeping this process of your getting evidence and deciding what justice is as pristine so that your verdict is also pristine. Upon this officer's entry into the courtroom she spoke to several of you, I'm sure trying to be nice, but that would not be proper. You are not to consider that as part of the evidence. Your consideration should be within the parameters of the law that I give to you at the end of the case and based on the evidence, if there is such evidence in documentary form and evidence from the witness stand.

The record shows no objection or motion for mistrial by defense counsel before or after the trial court made this statement to the jury. Likewise, the record fails to show what the officer said to the jurors, precluding this court from determining whether any prejudice resulted. Under these circumstances, appellant waived any alleged error by failing to perfect the record. See *Gray v. State*, 222 Ga. App. 626, 633 (5) (476 SE2d 12) (1996).

3. In his remaining enumeration, St. Germain disputes the sufficiency of his less safe conviction by pointing to alleged problems with the administration of field sobriety tests.

> However, we need not address this enumeration. The trial court merged [the less safe count] into the [per se] conviction for driving with an unlawful blood alcohol content. The only DUI sentence was entered on that count. We need not consider an enumeration of error which addresses the sufficiency of the evidence to convict on a count on which the trial court failed to enter judgment.

*Duvall v. State*, 250 Ga. App. 87, 89 (3) (550 SE2d 479) (2001).
*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JUNE 18, 2002.

*Richard Young*, for appellant.
*Carmen D. Smith, Solicitor-General, Cynthia G. Strong, Jody L. Peskin, Assistant Solicitors-General*, for appellee.