A03A1646. MALONE v. THE STATE.
(582 SE2d 561)

BLACKBURN, Presiding Judge.

Following a bench trial, Christopher Malone appeals his conviction for driving under the influence, contending that he was arrested without the prerequisite probable cause and, as such, the trial court erred by denying his motion to suppress evidence of his intoxication. For the reasons set forth below, we affirm.

> [W]hen a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support [them]. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citations, punctuation and emphasis omitted.) *Tate v. State*.[1]

Viewed in this light, the record shows that, on the afternoon of March 9, 2002, Malone was driving his truck down a highway on-ramp, accelerated rapidly, and lost control. The truck then collided with the guardrail and flipped over into the ditch. When the truck rolled over, a cooler containing beer was thrown out onto the side of the road.

Officer James Holmes reported to the accident scene, and as he asked Malone if he had been injured, Officer Holmes noticed that Malone's speech was slow, his eyes were red, and he smelled like an alcoholic beverage. At that time, Officer Holmes asked Malone if he had been drinking, and Malone admitted that he had been. Based on Malone's demeanor and the nature of the accident, Officer Holmes then arrested Malone for driving under the influence. A subsequent Intoxilyzer 5000 analysis of Malone's breath yielded a result of 0.137.

Under these facts, we cannot say that the trial court erred by determining that Officer Holmes had probable cause to arrest Malone and the motion to suppress should be denied.

> The test of probable cause requires merely a probability — less than a certainty but more than a mere suspicion or possibility. Sufficient probable cause to conduct a DUI arrest only requires that an officer have knowledge or reasonably trustworthy information that a suspect was actually in physical control of a moving vehicle, while under the influence of alcohol to a degree which renders him incapable of driving safely.

(Footnote omitted.) *Trotter v. State*.[2] Based on the evidence discussed above, Officer Holmes had sufficient probable cause to arrest Malone

---

[1] *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).
[2] *Trotter v. State*, 256 Ga. App. 330, 331-332 (1) (568 SE2d 571) (2002).

for DUI, and the trial court did not err by denying Malone's motion to suppress. *Childress v. State.*[3]

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED MAY 28, 2003.

*Virgil L. Brown & Associates, Larkin M. Lee,* for appellant.
*Griffin E. Howell III, Solicitor-General,* for appellee.

