## A03A2260. WORTHMAN v. THE STATE.
### (596 SE2d 643)

JOHNSON, Presiding Judge.

A jury found Gregory Worthman guilty of driving while under the influence of alcohol to the extent that he was a less safe driver. Worthman appeals, arguing the trial court erred in (1) admitting the results of his breath test, (2) allowing the state to mislead the jury in its opening statement, (3) permitting an officer to testify outside his area of expertise, and (4) presenting the jury instructions. Worthman also claims he was denied effective assistance of counsel. Because we find no error, we affirm Worthman's conviction.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that an off-duty police officer observed a vehicle stopped approximately five feet from an intersection with a male slumped over the steering wheel in the driver's seat. The vehicle was not near a house or in a driveway. The officer approached the car and knocked on the window a couple of times. Worthman finally raised his head without looking directly at the officer and then rolled his head back downward. When the officer opened the unlocked door of the vehicle, he noticed a strong odor of alcohol coming from inside the vehicle and saw that Worthman had vomited on himself and inside the vehicle. Worthman appeared groggy, dazed, and was slow in responding.

Further investigation revealed that Worthman did not live in the neighborhood nor did he know anyone in the area. Worthman explained that he was coming from dinner at the Cheetah nightclub,

that he had been drinking, and that he started feeling sick and pulled off the interstate. Believing Worthman was not able to drive safely, the officer removed the keys from the ignition and radioed for a DUI unit. A DUI officer arrived on the scene and found Worthman sitting with the driver's side door open vomiting on the roadway. The DUI officer noted that Worthman's speech was slurred, that he was covered in vomit, and that the interior of the car was a "mess."

Worthman performed the horizontal gaze nystagmus test, but the officer allowed him to perform this test while sitting in his car because he was swaying too much. Worthman scored the maximum number of clues on this evaluation. The DUI officer then attempted to administer the nine-step walk and turn and the one-leg stand evaluations. However, due to Worthman's unsteadiness and his level of impairment, Worthman was unable to perform these evaluations. Based on his observations, the DUI officer arrested Worthman for DUI and read him the Georgia Implied Consent Notice. At the jail, Worthman again vomited and eventually agreed to take the state's breath test. The results were 0.120 and 0.116.

1. The record shows that Worthman was charged with both driving while under the influence of alcohol to the extent that he was a less safe driver[1] and driving while under the influence of alcohol with a blood-alcohol level exceeding the statutory limit (driving while under the influence per se).[2] Worthman moved to dismiss the per se count, arguing that the state failed to establish that the blood-alcohol test was performed within three hours of the driving or actual physical control of the car ended, as required by the per se statute. The trial court denied the motion. At the conclusion of the state's case, Worthman moved for a directed verdict on the per se count, reiterating his same argument regarding the time frame. Before the trial court rendered its decision, the state moved to nolle pros the per se count. Worthman did not object.

Worthman now asserts as error the trial court's denial of his pre-trial motion, arguing that the denial resulted in the admission of evidence that should not have been considered by the jury. Specifically, Worthman contends his breath test results should not have been admitted into evidence. We first note that Worthman admitted during his initial motion to dismiss the per se count, "I'm not asking you to make a ruling they can't use the number [of the breath test results] in the less safe case. I'm only asking you to make a ruling that the per se count is not supportable. . . ." And, throughout the trial, Worthman failed to object to the admission of the breath test. "One

[1] OCGA § 40-6-391 (a) (1).
[2] OCGA § 40-6-391 (a) (5).

cannot complain of a result he procured or aided in causing."[3]

To the extent that Worthman is asking us to reconsider the trial court's ruling on the per se count, we need not reach this issue. The record clearly shows that the jury did not find Worthman guilty on the per se count, and the trial court did not enter judgment on the per se count. "We need not consider an enumeration of error which addresses the sufficiency of the evidence to convict on a count on which the trial court failed to enter judgment."[4]

Moreover, since Worthman was convicted only of driving under the influence to the extent that it was less safe for him to drive, and not for driving under the influence while having a specific blood-alcohol concentration, the admission of the results of his state-administered breath test, even if erroneous, resulted in no harm.[5] Worthman's reliance on *Johnson v. State*[6] is misplaced. In *Johnson*, this Court held that results of a blood-alcohol test were not admissible because the state failed to permit the defendant to have an independent blood test performed. Since the results were not admissible, we found that the jury charge regarding the inference to be drawn from the state-administered blood test resulted in reversible error. Here, there has been no allegation that the blood test did not comply with the statutory guidelines or that there was any impropriety in the blood test results. This enumeration of error lacks merit.

2. Worthman contends the trial court erred in overruling his objection and allowing the state to allegedly "venture[ ] away from presenting facts, into the area of presenting law to the jury" during the state's opening statement. "The range of comment in opening statements is necessarily in the discretion of the trial judge; and unless it can be shown that such discretion has been abused and some positive injury done by the remarks of counsel, the discretion of the trial judge will not be controlled."[7] Here, Worthman does not argue that the statements were incorrect or misleading. His only argument at trial and on appeal is that they were made during opening statements rather than closing argument. We conclude from our examination of the record that the trial court did not abuse its "sound

---

[3] *Sanders v. State*, 212 Ga. App. 832, 833 (4) (442 SE2d 923) (1994).

[4] *Duvall v. State*, 250 Ga. App. 87, 89 (3) (550 SE2d 479) (2001); see also *St. Germain v. State*, 255 Ga. App. 864, 865 (3) (567 SE2d 107) (2002).

[5] *Parker v. State*, 259 Ga. App. 236 (576 SE2d 610) (2003); *Jones v. State*, 200 Ga. App. 666 (2) (409 SE2d 251) (1991); see also *Walsh v. State*, 220 Ga. App. 514-515 (2) (469 SE2d 526) (1996).

[6] 261 Ga. App. 633 (583 SE2d 489) (2003).

[7] (Citations and punctuation omitted.) *McConnell v. Akins*, 262 Ga. App. 892, 893 (3) (586 SE2d 688) (2003).

discretion to control the content of the opening statement."[8]

3. Worthman argues the trial court erred in admitting the officer's testimony about the scientific basis of the horizontal gaze nystagmus test and about the increase or decrease of blood-alcohol concentration over time. The record shows that in both instances, the officer was asked these questions in the context of his experience and training. It was within the trial court's discretion to determine whether the officer possessed the requisite learning and experience to testify on the matters.[9] The evidence showed that the officer here had been a police officer for over thirteen years and a member of the DUI Countermeasures Team for about seven years. The officer testified that throughout his career he had made over 2,000 DUI arrests. He further testified that he is certified to give standardized field sobriety evaluations. We find no abuse of discretion in the trial court's decision to admit the officer's testimony in this case.[10]

4. Worthman alleges the trial court erred when it (a) refused to instruct the jury regarding the elimination of the per se count, (b) charged the jury as to the alleged "crimes" when there was only one alleged crime for the jury to consider, and (c) charging the jury that they had to be convinced beyond a reasonable doubt that Worthman's ability to drive was impaired without further clarifying that his ability to drive had to be judged at a time when the vehicle was moving or when he was in physical control of the moving vehicle. We have reviewed the jury charge in its entirety, and we find that the trial court's instruction did not mislead or confuse the jury.[11]

Worthman's first challenge, regarding the trial court's alleged refusal to charge the jury about the elimination of the per se count, lacks merit. The record reveals that the trial judge read the accusation charging Worthman with driving under the influence of alcohol to the extent that he was a less safe driver. The trial court then instructed the jury:

> that is the only count and charge before you for consideration, and you will not give any consideration to any of the other charges read to you at any previous time, including Count 2, driving under the influence, in violation of 40-6-391 (a) (5)....

---

[8] (Citation and punctuation omitted.) *Smith v. State,* 270 Ga. 240, 246 (8) (510 SE2d 1) (1998).

[9] See *McDaniel v. State,* 263 Ga. App. 625, 629 (2) (588 SE2d 812) (2003); *Kirkland v. State,* 253 Ga. App. 414, 416 (559 SE2d 161) (2002).

[10] See generally *Driver v. State,* 240 Ga. App. 513, 515 (3) (523 SE2d 919) (1999).

[11] See *Duffie v. State,* 273 Ga. 314, 315-316 (2) (540 SE2d 194) (2001).

Those latter three charges are not before you for any consideration whatsoever.

Additionally, at Worthman's request, the judge even modified the accusation so that it would be clear that there was only one count to consider.

We also find no reversible error in the trial court's subsequent use of the word "crimes" when only one crime was left for the jury to consider. "A mere verbal inaccuracy resulting from a slip of the tongue which does not clearly mislead or confuse the jury is not reversible error."[12] The charge given instructed the jury that only one count was left for the jury's consideration and further instructed the jury that "if you do not believe that the defendant is guilty of this offense, or if you have any reasonable doubt as to the defendant's guilt, it would be your duty to acquit the defendant." We are satisfied that the jury could not have been misled or confused by the trial court's slip of the tongue in this instance.

Finally, Worthman argues that the trial court erred in charging the jury that they had to be convinced beyond a reasonable doubt that Worthman's ability to drive was impaired without further clarification that his ability to drive had to be judged at a time when the vehicle was moving. However, "[i]n order for the trial court's failure to give a requested instruction to constitute reversible error, the refused request must be a correct statement of law that is pertinent and material to an issue in the case and not substantially covered by the charge actually given."[13] Here, the trial court's charge was full and fair and substantially covered all the legal principles relevant to the determination of guilt. Specifically, the trial court charged the jury that "merely showing that the defendant had been drinking . . . without proof of the manner of driving or the ability to drive is insufficient to prove the defendant was guilty of driving under the influence of alcohol." Considering the charge as a whole, the trial judge did not mislead or confuse the jury, nor did he commit reversible error by failing to give Worthman's requested charges.

5. Worthman contends his trial counsel was ineffective because he could have accepted the state's offer to eliminate the breath test and per se count, but chose not to do so. Notwithstanding whether this issue was properly raised below, we find no merit to the ineffectiveness claim.

---

[12] (Citation and punctuation omitted.) *Armstrong v. State*, 244 Ga. App. 871, 873 (2) (537 SE2d 147) (2000).

[13] (Citations and punctuation omitted.) *Carter v. State*, 263 Ga. 401, 403 (4) (435 SE2d 42) (1993); *Boone v. State*, 256 Ga. App. 220, 222 (3) (568 SE2d 91) (2002).

The record shows that when the state moved to nolle pros the per se count, it also offered to remove the breath test results from the jury's consideration and allow the trial court to give curative instructions to the jury as long as Worthman's attorney agreed not to call his expert witness and allow her to testify about a person's blood-alcohol content. Worthman's attorney declined the offer, opting to challenge the validity of the breath test with an expert witness. According to the trial attorney, "we've had too much testimony from [the officer] to leave this unanswered."

It is well established that trial counsel is presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment, and judicial scrutiny of counsel's performance must be highly deferential.[14] "Particularly in regard to matters of trial strategy and tactic, effectiveness is not judged by hindsight, result, or how another lawyer may have conducted the defense."[15] Moreover, counsel's decisions on matters of tactics and trial strategy, even if unwise, do not amount to ineffective assistance of counsel.[16] Here, trial counsel chose to proceed with his expert testimony on blood-alcohol content as a means of attacking evidence that was already in front of the jury. This is a matter of trial tactics and strategy and does not equate to ineffective assistance of counsel,[17] and we will not judge this tactical decision in hindsight. We conclude that trial counsel's performance did not fall outside the wide range of reasonable professional judgment.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED FEBRUARY 23, 2004 —
RECONSIDERATION DENIED MARCH 11, 2004 — 

*Head, Thomas, Webb & Willis, William C. Head*, for appellant.
*Joseph J. Drolet, Solicitor-General, Meka B. Ward, Assistant Solicitor-General*, for appellee.

---

[14] See *Hunt v. State*, 247 Ga. App. 464, 469 (6) (542 SE2d 591) (2000).
[15] (Citation and punctuation omitted.) *Howard v. State*, 232 Ga. App. 430, 431 (1) (502 SE2d 292) (1998).
[16] *Hunt*, supra at 470.
[17] See *Lanning v. State*, 261 Ga. App. 480, 482 (2) (583 SE2d 160) (2003).