A04A1099. THE STATE v. GRAY.
(600 SE2d 626)

BLACKBURN, Presiding Judge.

Charged with DUI, Jessica Lynn Gray moved to suppress the results of her breath test obtained while in custody, arguing that police had arrested her without probable cause. The trial court agreed and suppressed the results. The State appeals this ruling, contending that the trial court ignored various indicia of intoxication impairment. We hold that evidence supported the trial court's ruling and therefore affirm.

1. The standard of review is particularly critical in deciding this case. Contending the facts are undisputed, the State would have us apply the de novo standard of review referenced in *Vansant v. State.*[1] *Vansant*, however, stated that this standard was only to be applied "where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented." Id. Where the evidence is in dispute or the credibility of a witness is challenged, the "any evidence" standard set forth in *Tate v. State*[2] applies, which provides:

---

[1] *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).
[2] *Tate v. State*, 264 Ga. 53 (440 SE2d 646) (1994).

[W]hen a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support [them]. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citations, punctuation and emphasis omitted.) Id. at 54 (1).

Here the evidence was conflicting as to the cause of certain alleged indicia of alcohol impairment, and the trial court found in favor of the accused on each conflict. Accordingly, we apply the *Tate* standard: we construe the evidence in favor of the judgment of the trial court and review the record to determine whether any evidence supports the trial court's findings.

So construed, the evidence shows that an officer happened upon a single-car freeway accident, in which Gray was the driver. Gray explained to the officer that another car had forced her off the road, causing her to hit a guardrail and careen to the other side of the freeway and hit the concrete median. Gray had cuts on her face from the impact of the accident. The officer observed that Gray was calm and collected, but that she had bloodshot eyes, appeared dazed, and was unsteady on her feet, all of which could have been caused by the impact of the accident and the explosion of the air bags in her face.

Because Gray smelled of alcoholic beverages and admitted to having had a couple of drinks, the officer decided to conduct field sobriety tests on her. He did not perform the one-leg stand or the walk and turn tests (because he feared the accident would skew the results), but he did perform the HGN test and determined that she exhibited two of the six clues of intoxication, which indicated some presence of alcohol. The results on the other four clues either indicated no intoxication or were inconclusive. He performed an alco-sensor test, which tested positive for alcohol. He concluded that she was under the influence of alcohol to the extent that she was a less safe driver, and he therefore arrested her and later performed a breath test on her while she was in custody.

Gray moved to suppress the results of the in-custody breath test. During the hearing, evidence showed that Gray's unsteadiness, bloodshot eyes, and dazed appearance may have been caused by the accident and air bags, and that the officer did not necessarily follow all the required procedures in performing the HGN test, the results of which were questionable anyway because of the possible head

trauma suffered by Gray. The court found as fact that the only credible evidence of Gray's intoxication was the odor of alcohol, her admitting to drinking, and the alco-sensor results showing the presence of alcohol. Because none of these factors addressed whether Gray's intoxication impaired her so that she was rendered a less safe driver, the court concluded that no probable cause supported the arrest and granted the motion.

2. The probable cause needed to conduct a DUI arrest requires that the officer "have knowledge or reasonably trustworthy information that a suspect was actually in physical control of a moving vehicle, while under the influence of alcohol *to a degree which renders him incapable of driving safely.*" (Emphasis supplied.) *Malone v. State.*[3] If the evidence shows only that the driver is intoxicated but does not show that such has impaired him, the evidence is insufficient to show probable cause for DUI. *State v. Batty;*[4] *State v. Burke.*[5] "[I]mpaired driving ability depends solely upon an individual's response to alcohol. Because individual responses to alcohol vary, the presence of alcohol in a defendant's body, by itself, does *not* support an inference that the defendant was an impaired driver." (Punctuation and footnote omitted.) *Baird v. State.*[6]

The five cases cited by the State where evidence supported a probable cause finding all contained an additional factor showing impairment. See *Boyd v. State*[7] (erratic driving, bloodshot eyes, slurred speech); *Temples v. State*[8] (bloodshot, watery eyes); *Singleterry v. State*[9] (erratic driving, glassy, watery eyes, and slowness in exiting car); *State v. Smith*[10] (unsteady on feet); *Herkert v. State*[11] (bloodshot eyes and erratic driving). *Duvall v. State,*[12] also cited by the State, does not concern a probable cause analysis.

We decline the State's invitation to overrule *State v. Holler,*[13] which held that a trial court did not abuse its discretion in refusing at a suppression hearing to admit the numerical results of an alco-sensor test for purposes of establishing probable cause. Not only do we discern no error in that opinion, but here the State never even

---

[3] *Malone v. State,* 261 Ga. App. 420, 421 (582 SE2d 561) (2003).

[4] *State v. Batty,* 259 Ga. App. 431, 432 (577 SE2d 98) (2003).

[5] *State v. Burke,* 230 Ga. App. 392, 393-394 (496 SE2d 755) (1998).

[6] *Baird v. State,* 260 Ga. App. 661, 663 (1) (580 SE2d 650) (2003).

[7] *Boyd v. State,* 259 Ga. App. 864, 865-866 (1) (578 SE2d 472) (2003).

[8] *Temples v. State,* 228 Ga. App. 228, 231 (491 SE2d 444) (1997).

[9] *Singleterry v. State,* 227 Ga. App. 155 (1) (489 SE2d 42) (1997).

[10] *State v. Smith,* 196 Ga. App. 876, 877 (397 SE2d 304) (1990).

[11] *Herkert v. State,* 177 Ga. App. 610 (1) (340 SE2d 251) (1986).

[12] *Duvall v. State,* 250 Ga. App. 87, 88-89 (2) (550 SE2d 479) (2001).

[13] *State v. Holler,* 224 Ga. App. 66, 68-69 (1) (479 SE2d 780) (1996).

attempted to admit the numerical results of that test during the suppression hearing.

Finding that all alleged indicia of impairment were caused by the accident or lacked credibility, and that Gray had adequately explained the accident to the officer (see *Burke*, supra at 394 (accused had explanation for wreck)), the trial court concluded that the only evidence of DUI was the presence of alcohol in Gray's body. Accordingly, the court did not err in finding that the arrest lacked probable cause and in suppressing the results of the chemical test conducted while Gray was in custody. See *Batty*, supra at 432.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

## ON MOTION FOR RECONSIDERATION.

The State has moved for reconsideration on two grounds. First, the State argues that the following sentence in the opinion is an incorrect statement of law: "If the evidence shows only that the driver is intoxicated but does not show that such has impaired him, the evidence is insufficient to show probable cause for DUI." The State argues that the word "intoxicated" means that the driver was drunk and therefore necessarily means that the driver was impaired. The State would have us change the sentence to read: "If the evidence shows only that the driver *consumed some alcohol* but does not show that such has impaired him, the evidence is insufficient to show probable cause for DUI."

The State's argument has a false premise: namely, that "intoxicated" means "drunk." "Intoxicated" means "under the influence of an intoxicating liquor or drug."[14] Thus, a person who has consumed some alcohol may be under the influence of alcohol, but the law only criminalizes such if one drives and is so intoxicated or under the influence that one is less safe to drive.[15] Thus, in *Hogan v. State*,[16] we stated that one is not guilty of DUI "unless he is *intoxicated to a degree* which renders him incapable of driving safely." (Punctuation omitted; emphasis supplied.) "Intoxicated to a degree" shows that we have used the word "intoxicated" to refer to having consumed some alcohol, and the question is to what degree one is intoxicated. "Intoxicated" alone does not mean that one is drunk or illegally impaired. This argument is without merit.

The second argument is that we should not have affirmed the factual findings of the trial court (made after an evidentiary hearing)

---

[14] Webster's New Intl. Dictionary (Unabridged) (2nd ed. 1959), p. 1302.

[15] OCGA § 40-6-391 (a) (1).

[16] *Hogan v. State*, 178 Ga. App. 534, 536 (343 SE2d 770) (1986) (whole court).

that the accident and air bags caused the bloodshot eyes and unsteadiness. Since we are bound to follow the "any evidence" standard, we fail to see any merit in this argument either.

*Motion for reconsideration is hereby denied.*

DECIDED MAY 17, 2004 —
RECONSIDERATION DENIED JUNE 10, 2004 — 

*Gerald N. Blaney, Jr., Solicitor-General, Gary S. Vey, Jennifer L. White, Jason R. Samuels, Assistant Solictors-General, for appellant.*
*Steven M. Ward, George A. Stein, T. Kevin Mooney, for appellee.*