A05A0700. THE STATE v. SANDERS.
(617 SE2d 633)

MIKELL, Judge.

Adam B. Sanders was charged with one count each of driving under the influence of alcohol to the extent that it was less safe to drive, OCGA § 40-6-391 (a) (1), and driving under the influence of alcohol while having an alcohol concentration of 0.08 grams or more, OCGA § 40-6-391 (a) (5). The trial court granted Sanders's motion to suppress the results of the state-administered breath test and the state appeals, contending that sufficient probable cause existed to authorize his arrest. Because there is evidence in the record to support the judge's findings of fact, we affirm.

> When an appellate court reviews a trial court's order concerning a motion to suppress evidence, the appellate court should be guided by three principles with regard to the interpretation of the trial court's judgment of the facts. First, the judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.[1]

Contending the facts are undisputed, the state asks us to apply the de novo standard of review mentioned in *Vansant v. State*:[2]

> While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine

———

[1] (Punctuation and footnote omitted.) *State v. Hester*, 268 Ga. App. 501, 502 (602 SE2d 271) (2004).
[2] 264 Ga. 319 (443 SE2d 474) (1994).

whether the ruling was clearly erroneous, *where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.*[3]

We agree with the state that the trial court's application of the law to the facts is subject to de novo review if the facts are stipulated, or if the critical facts do not depend on the testimony of witnesses who are subject to cross-examination. However,

a trial court's ruling on a motion to suppress frequently involves a mixed question of fact and law. When the outcome of a motion to suppress depends on the credibility of the witnesses or on disputed facts, and the trial court has not committed an error of law, the court's ruling will not be disturbed on appeal. As a reviewing court, we must accept the factual and credibility determinations and inferences drawn by the trier of fact, even if we disagree with them, as long as there is evidence in the record to support the court's findings.[4]

In this case, the trial court's decision involved the credibility of the two officers on the scene, the only witnesses to testify at the hearing on the motion to suppress. Specifically, the trial court found no affirmative testimony or evidence that Sanders was an impaired or "less-safe" driver.[5] Accordingly, the court's ruling involves a mixed question of fact and law, and the de novo standard does not apply.[6]

Viewed in its proper light, the evidence shows that on March 12, 2003, Officer Arvel Walls of the City of Hiawassee Police Department was conducting a traffic stop when Sanders pulled up behind his patrol car. Walls approached Sanders's vehicle and smelled the odor of alcohol coming from the open window of the vehicle. Walls asked

---

[3] (Citations omitted; emphasis supplied.) Id. at 320 (1); see also *State v. Ellison*, 271 Ga. App. 898, 901 (3) (a) (611 SE2d 129) (2005).

[4] (Punctuation and footnotes omitted.) *Ellison*, supra.

[5] The state contends that Georgia law requires an officer to " 'have knowledge or reasonably trustworthy information' that a driver is less safe, and [that] under this standard, [the arresting officer] had knowledge sufficient to authorize his arrest of . . . Sanders for DUI." In granting Sanders's motion to suppress, the trial court obviously rejected any inference that Sanders was a less-safe driver, thus raising a credibility issue.

[6] Compare *Silva v. State*, 278 Ga. 506 (604 SE2d 171) (2004) (affirming application of de novo standard of review where trial court decided motion to suppress on issue of law rather than on any issue of conflicting evidence); *State v. Stilley*, 261 Ga. App. 868 (584 SE2d 9) (2003) (applying de novo standard of review where "facts [were] largely undisputed").

Officer Shannon Garrison, who had pulled up to the scene, to investigate Sanders while Walls continued with his initial traffic stop. Garrison, a deputy sheriff with the Towns County Sheriff's Office, testified that he smelled alcohol on Sanders and observed that his eyes were glassy. Sanders admitted that he had been drinking. Garrison asked Sanders to step out of the car and he administered an alco-sensor test, which indicated the presence of alcohol. Garrison then asked Sanders to perform field sobriety tests, including walk and turn, and "ABC Rhomburg [sic]." During the walk and turn test, Sanders lost his balance but otherwise followed Garrison's instructions. During the Romberg test, Sanders failed to follow Garrison's instructions and swayed back and forth. Based on the results of the field sobriety evaluations, as well as Garrison's training and experience, the officer decided to place Sanders under arrest for driving under the influence of alcohol. Garrison read Sanders the implied consent notice, and Sanders consented to a breath test. Garrison transported Sanders to the Towns County jail and administered the Intoxilyzer 5000 breath test, which registered his alcohol concentration at 0.101 and 0.093 grams.

On cross-examination, Garrison testified that he observed Sanders drive only 15 feet. Sanders moved his vehicle so that Garrison could pull his patrol car off the highway. Garrison acknowledged that Sanders did not drive erratically or in an unsafe manner. Sanders's speech was not slurred nor did he have trouble exiting his vehicle. When asked if Sanders was cooperative, Garrison responded, "Yes. Very much so." Sanders's counsel then questioned Garrison about the field sobriety tests:

> Q: And when you took your P.O.S.T. certification on field sobriety testing, they taught you only three tests that you could do, is that right?
> A: They —
> Q: That you should do?
> A: Yeah. That we should do. Yeah.
> Q: Okay. And yet you did not follow that procedure on testing Mr. Sanders?
> A: No, I didn't.
> Q: Okay.
> A: I followed the procedures on the tests themselves.
> Q: Okay. But you didn't follow the P.O.S.T. certified tests?
> A: Right.
> Q: Okay. And I think you said that, in the walk and turn that you had him do, you had him take ten steps?
> A: Yes, sir. . . .
> Q: In your P.O.S.T. certification —

A: Yes, sir.

Q: — in administering a walk-and-turn test, is it your understanding that you have them take nine steps?

A: Yes, it is. Like I said, it's been awhile since I've done that. You are correct.

After hearing the evidence and arguments of counsel, the trial court granted the motion to suppress, finding as follows:

Okay. Basically, they had an articulable suspicion. They smelled alcohol. They could investigate. There's no question about that. But ain't nobody ever said that in my opinion, based on what I observed, it was less safe for this man to operate the motor vehicle. And . . . that is the fundamental first step to give a test. If he's not — he's got to be less safe before you test him. You just can't test people who smell of alcohol, as I understand [the] case [of *State v. Gray*, 267 Ga. App. 753 (600 SE2d 626) (2004)]. That's what it's saying. *And there's no less-safe predicate from the evidence that I have here.* Nobody said that in their opinion it was less safe for this man to operate the motor vehicle.[7]

In a subsequent written order, the trial court briefly outlined the facts as discussed above, and then, citing to *Gray*, found "[n]o evidence . . . that would indicate that Mr. Sanders was an impaired driver or that would have rendered him a less safe driver. Therefore no probable cause supported [his] arrest."

The state contends that the trial court should not have granted the motion to suppress because the record shows that Garrison had sufficient probable cause to arrest Sanders. The state points to Garrison's testimony that Sanders smelled of alcohol, admitted to drinking, had glassy eyes, failed the field sobriety tests, and tested positive on the alco-sensor test.

The probable cause needed to conduct an arrest for DUI requires that the officer "have knowledge or reasonably trustworthy information that a suspect was actually in physical control of a moving vehicle, while under the influence of alcohol to a degree which renders him incapable of driving safely."[8] "Mere presence of alcohol is not the issue. In a less safe case, the [s]tate must prove that the defendant had impaired driving ability as a result of drinking alcohol."[9] It is not

---

[7] (Emphasis supplied.)

[8] (Citation omitted.) *State v. Tousley*, 271 Ga. App. 874, 882 (2) (611 SE2d 139) (2005).

[9] (Punctuation and footnote omitted.) *Ellison*, supra at 902 (3) (b); see also *Overton v. State*,

necessary for an officer to give his opinion or state specifically that a defendant was a less safe driver, because "the trier of fact[ ] [may] form its own opinion based on the indicia pointing to it."[10]

If the members of this Court had been sitting as the trier of fact, we might well have found that the officers had probable cause to arrest based on several indicia of impairment. The officers testified that during the Romberg test, Sanders failed to follow instructions and swayed back and forth. Also, Sanders allegedly lost his balance during the walk and turn test. If believed by the trial court, the testimony of the officers would have been more than adequate to support a finding of probable cause. But the trial court apparently did not believe the officers or chose not to draw the inferences from the evidence which we might have drawn. A trial judge is not required to believe the testimony of a witness or to find probable cause automatically whenever certain words are spoken.[11] And an appellate court does not sit as the trier of fact. We must defer to the facts and inferences found by the trial court. The "reviewing court must construe the evidence favorably to the upholding of the trial court's findings and judgment."[12]

In the case at bar, the testimony favorable to Sanders showed that Garrison failed to administer the walk and turn test properly; that it had "been awhile" since he had administered the test; and that Sanders was cooperative, did not have trouble exiting his vehicle, and did not have slurred speech. Moreover, there was no testimony as to the manner of Sanders's driving. Walls testified that he already was on the scene when Sanders pulled up,[13] and Garrison testified that he arrived on the scene after Sanders pulled up and only observed him move his vehicle 15 feet. More importantly, the trial court on a motion to suppress is not required to accept the testimony of any witness, even if that testimony is uncontradicted.[14]

The state contends that the trial court based its ruling on an erroneous interpretation of State v. Gray[15] and not on the credibility

---

270 Ga. App. 285, 291 (5) (606 SE2d 306) (2004) (in prosecution under OCGA § 40-6-391 (a) (1), state is not required to prove that a defendant committed an unsafe act; rather, "[t]he [s]tate need only prove . . . that [a defendant] was under the influence of alcohol to the degree that rendered him a less safe driver") (citations omitted).

[10] (Citation and punctuation omitted.) Heath v. State, 229 Ga. App. 69, 70-71 (493 SE2d 225) (1997).

[11] Id.

[12] (Citation omitted.) Tate v. State, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

[13] During cross-examination, Walls acknowledged that he did not see Sanders driving erratically.

[14] Ellison, supra at 903-904 (6).

[15] Supra. In Gray, we affirmed the trial court's grant of a motion to suppress based on the credibility determinations made by the trial court.

of the witnesses. The state argues that, in granting the motion to suppress, the court incorrectly believed that, based on *Gray*, the officers were required to testify that Sanders was a "less safe" driver in order for probable cause to exist for his arrest.[16] The state misconstrues the trial court's order. The order recites that the trial court found "[n]o evidence . . . that would indicate that Mr. Sanders was an impaired driver or that would have rendered him a less safe driver." The trial court's order was based on the evidence, the inferences drawn from the evidence, and the credibility of the witnesses.

> We cannot, and will not, usurp the authority of the trial judge to consider such factors as demeanor and other credibility-related evidence in reaching its decision. . . . We reiterate that we are a court for the correction of errors of law and cannot draw a different inference from the evidence or make a credibility determination contrary to the one made by the trial court.[17]

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JULY 13, 2005.

*N. Stanley Gunter, District Attorney, Jeremy D. Clough, Assistant District Attorney,* for appellant.
*Donald C. Turner,* for appellee.

---

[16] See *Ellison*, supra at 901 (3) (b), n. 7.
[17] (Footnotes omitted.) Id. at 904 (6).