A08A1922. THE STATE v. RISH.

(673 SE2d 259)

MILLER, Chief Judge.

The State appeals from the trial court's grant of Robert Rish's motion to suppress the results of his breathalyzer test. In granting that motion, the trial court found that the State lacked probable cause to arrest Rish for DUI-less safe (OCGA § 40-6-391 (a) (1)). While we affirm the trial court's ruling on this issue, we also find that, as a matter of law, the State did have probable cause to arrest Rish for DUI-per se (OCGA § 40-6-391 (a) (5)). We therefore reverse the trial court's order.

"In reviewing a trial court's decision on a motion to suppress which in effect precludes the prosecution of a criminal defendant, our responsibility is to ensure that there was a substantial basis for the decision." *State v. Maddox*, 252 Ga. App. 414, 415 (556 SE2d 501) (2001). To that end, we will not disturb a trial court's factual findings if there is any evidence to support them and, in reviewing that evidence, we defer to the trial court's judgment on issues of witness credibility and the weight to be afforded the evidence presented. *State v. Gray*, 267 Ga. App. 753, 754 (1) (600 SE2d 626) (2004). "[W]e review de novo, [however,] the trial court's application of the law to undisputed facts. [Cit.]" *State v. Hammang*, 249 Ga. App. 811 (549 SE2d 440) (2001).

So viewed, the evidence shows that on June 24, 2007, the Early County 911 center received a call reporting a customer, smelling of alcohol and behaving erratically, leaving a Subway restaurant. The

caller gave a description and the license plate number of the customer's vehicle, and stated that the vehicle was pulling a boat trailer. The 911 operator dispatched two officers to the scene, including Deputy Shane Morgan.

As Morgan arrived at the Subway restaurant, he saw a vehicle matching the description given by dispatch pulling out of the parking lot. Morgan followed the vehicle for approximately five minutes and saw the left trailer tire cross the centerline and saw the vehicle "weaving within that lane." After the right trailer tire ran off the road, Morgan initiated a traffic stop of the vehicle, driven by Rish.

In response to questions from Morgan, Rish admitted that he had consumed three to four alcoholic drinks earlier in the day, and that he had consumed the last of these approximately thirty minutes before the traffic stop. Morgan then asked Rish if he would consent to a field sobriety test, specifically an "alco-sensor" or breath test. Rish agreed, and Morgan conducted two breath tests with a hand-held alco-sensor. Both tests indicated that Rish had a blood alcohol level above the legal limit of 0.08 grams. Morgan then arrested Rish for violating OCGA § 40-6-391 and transported him to the Early County jail.

After being read Georgia's implied consent notice, Rish agreed to submit to a breath test on the intoximeter located at the jail. Morgan obtained two breath samples from Rish, and each sample showed that Rish had a blood alcohol level above 0.08 grams.[1] The State subsequently indicted Rish on two counts of violating OCGA § 40-6-391, one for DUI-less safe (OCGA § 40-6-391 (a) (1)) and one for DUI-per se (OCGA § 40-6-391 (a) (5)).

Prior to trial, Rish moved to suppress the results of the intoximeter tests on the grounds that they were the product of an illegal arrest, because Morgan lacked probable cause to arrest him for DUI. Following a hearing, the trial court granted Rish's motion, and this appeal followed.

An individual is guilty of DUI-less safe where he or she operates a motor vehicle while "[u]nder the influence of alcohol to the extent that it is less safe for the person to drive." OCGA § 40-6-391 (a) (1). If the evidence shows only that a driver is intoxicated and does not show that his consumption of alcohol has impaired his ability to drive, there is no probable cause to arrest for DUI-less safe. *Gray*, supra, 267 Ga. App. at 755 (2). "Impaired driving ability depends solely upon an individual's response to alcohol. Because individual responses to alcohol vary, the presence of alcohol in a defendant's body, by itself, does not support an inference that the defendant was

---

[1] Those tests showed that Rish had a blood alcohol level of between 0.102 and 0.106.

an impaired driver." (Citation, punctuation and emphasis omitted.) Id. See also *State v. Ellison*, 271 Ga. App. 898, 902 (3) (b) (611 SE2d 129) (2005) ("Mere presence of alcohol is not the issue. In a less safe case, the State must prove that the defendant had impaired driving ability as a result of drinking alcohol.") (punctuation and footnote omitted).

Conversely, a conviction for DUI-per se "does not require proof that it was 'less safe' [for the defendant] to drive." (Footnote omitted.) *Lenhardt v. State*, 271 Ga. App. 453, 454 (1) (610 SE2d 86) (2005). Rather, an individual is guilty of DUI-per se where, within three hours after driving a motor vehicle, tests show that his blood "alcohol concentration is 0.08 grams or more." OCGA § 40-6-391 (a) (5). Thus, probable cause to arrest for DUI-per se exists where an officer has a reasonable basis to believe that: (1) the suspect has, within the previous three hours, been in physical control of a moving vehicle; and (2) the suspect's current blood alcohol concentration is greater than 0.08 grams. Id. See also *Schlanger v. State*, 290 Ga. App. 407, 408 (1) (659 SE2d 823) (2008) ("The test of probable cause requires merely a probability — less than a certainty but more than a mere suspicion or possibility.") (citations and punctuation omitted).

In granting the motion to suppress, the trial court made specific findings of fact to support its conclusion that Rish exhibited no signs of impairment and that the police therefore lacked probable cause to arrest him. Given that there is some evidence of record to support these findings, we must affirm them. *Schlanger*, supra, 290 Ga. App. at 409 (1); *Gray*, supra, 267 Ga. App. at 753-754 (1). Those findings, however, only address the question of whether the State had probable cause to arrest Rish for DUI-less safe. The trial court's order does not address the issue of whether Deputy Morgan had probable cause to arrest Rish for DUI-per se. Based on the undisputed facts of record, we find that probable cause did exist for that arrest.

The record shows that Rish admitted to having had three to four drinks prior to driving and that he had consumed the last of those approximately thirty minutes before the traffic stop. Additionally, two alco-sensor tests administered to Rish showed that he had a blood alcohol concentration of greater than 0.08 grams. These facts established a reasonable probability that Rish was in violation of OCGA § 40-6-391 (a) (5) and gave Morgan probable cause to arrest him. See *Lenhardt*, supra, 271 Ga. App. at 454 (1) (police may use results of alco-sensor tests "in determining whether probable cause exists to arrest a motorist suspected of driving under the influence of alcohol") (footnote omitted); *Kellogg v. State*, 288 Ga. App. 265, 270 (2) (653 SE2d 841) (2007) (in determining probable cause in a

DUI-per se case, factors to be considered may include the suspect's admission to drinking and the results of an alco-sensor test).

For the reasons set forth above, we reverse the trial court's grant of Rish's motion to suppress.

*Judgment reversed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JANUARY 14, 2009 —
RECONSIDERATION DENIED FEBRUARY 2, 2009

*Keith W. Day, District Attorney*, for appellant.

*Brimberry, Kaplan & Brimberry, Jerry W. Brimberry, Jr.*, for appellee.