## A02A2321. THE STATE v. BATTY.
(577 SE2d 98)

BLACKBURN, Presiding Judge.

Following the grant of Laurel Christine Batty's motion to suppress evidence of her intoxication in this DUI case,[1] the State appeals, contending that the trial court erred by finding that the arresting officer lacked probable cause. For the reasons set forth below, we affirm.

When reviewing a trial court's ruling on a motion to suppress, we construe the evidence most favorably to upholding the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them. *State v. Bute.*[2]

Viewed in this light, the record shows that, at about 4:00 a.m., while on routine patrol, Officer Chris Flowers witnessed Batty make an illegal right turn while exiting the parking lot of a local bar. Flowers immediately began to follow Batty's car and testified that Batty was following the vehicle directly ahead of her too closely.

Flowers initiated a routine traffic stop, and, as he approached Batty's car, he smelled the odor of alcoholic beverage coming from the vehicle. Flowers asked Batty if she had been drinking, and she admitted consuming "a couple of beers." Flowers then asked Batty to step out of her vehicle. As Batty did so, Flowers noticed, "[s]he was a little bit unsteady — not anything major. I mean she got out and walked to the back of her car without a problem."

Although an alco-sensor test produced a positive result for the presence of alcohol, Flowers passed several field sobriety tests, including the walk and turn test and the one-leg stand. Flowers noted only two clues of impairment out of a possible eight on the walk and turn test and one out of four on the one-leg stand. Flowers then placed Batty under arrest for less safe to drive. While in custody, Batty submitted to a State-administered Intoxilyzer test.[3]

At the motion hearing, Batty denied following the vehicle ahead of her too closely but admitted turning right at a traffic light, although she did not concede that the light had been red in her direction of travel. Batty gave no testimony about the alco-sensor, exiting the car, or any of the specifics of the field sobriety testing.

---

[1] Batty was also charged with a red light violation and following too closely.

[2] *State v. Bute*, 250 Ga. App. 479 (552 SE2d 465) (2001).

[3] Although Batty's chemical testing resulted in readings of 0.143 and 0.158 grams, those results are not relevant to the issue of the propriety of her arrest.

In granting the motion to suppress, the trial court entered these findings:

> The evidence shows that Defendant voluntarily performed and passed all of the field sobriety tests administered by the arresting officer. There is no evidence that Defendant exhibited any signs of impairment such as loss of balance, slurred speech, or watery, bloodshot, or glassy eyes. The only evidence testified to was the presence of the odor of an alcoholic beverage on the breath of the Defendant, her errant right turn on red at 4:00 a.m., and allegedly following too close.

(Footnote omitted.) After noting that the arresting officer did not observe Batty's vehicle speeding, weaving, or driving slower than the speed limit, the trial court concluded: "[a]s a result of the lack of driving manifestations and the lack of personal manifestations, the officer did not have probable cause to believe that the Defendant was under the influence to the extent that she was a less safe driver." The trial court also explicitly found that the arresting officer lacked credibility with regard to his claim that Batty had been following another car too closely. The court granted Batty's motion to suppress, and the State filed this appeal.

The State contends that the trial court erred in concluding that the officer lacked probable cause for the arrest. We cannot agree.

As found by the trial court, the State failed to introduce any evidence of Batty's impairment which would indicate that she was less safe to drive. Although Flowers did note in his arrest report that Batty's eyes were bloodshot, this evidence was never placed before the trial court for its consideration. And, we note that the trial court explicitly found Flowers' credibility to be lacking. In this circumstance, we must defer to the trial court's findings of fact and credibility, and, as such, we must affirm its ruling on Batty's motion to suppress.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 4, 2003.

*Barry E. Morgan, Solicitor-General, William R. Pardue, Assistant Solicitor-General*, for appellant.

*Slater & King, Scott R. King*, for appellee.