## A05A0532. MOODY v. THE STATE.
(615 SE2d 803)

BARNES, Judge.

Howard Moody appeals from his conviction for speeding and driving under the influence of alcohol (DUI) in violation of OCGA § 40-6-391 (a) (5), with a blood alcohol level exceeding 0.08. Moody contends the trial court should have granted his motion to suppress because there was insufficient probable cause to arrest and the police officer should have given him a *Miranda* warning before administering field sobriety tests. Moody also contends the trial court erred by admitting evidence of three previous DUI convictions.

1. We must abide by the following principles when reviewing a trial court's order denying a motion to suppress the evidence:

> First, the judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citation and punctuation omitted.) *State v. Hester*, 268 Ga. App. 501, 502 (602 SE2d 271) (2004).

Viewed in its proper light, the evidence shows that on October 31, 2002, at 12:55 a.m. the arresting officer observed Moody speeding and verified with his laser gun that he was traveling 56 mph on a street with a posted speed limit of 35 mph. The officer pulled into traffic behind Moody and stopped him for speeding. The officer asked where Moody was coming from, and he replied that he had been at a bar where he consumed five drinks. While talking with Moody, the officer noticed that his eyes were bloodshot and watery, that his speech was slow, and that he smelled of alcohol. The officer then asked Moody to step out of the car and administered several field sobriety tests. According to the officer, the horizontal gaze nystagmus test revealed four out of six clues, the walk and turn test revealed five out of eight clues, and the one leg stand test showed four out of four clues indicating Moody was under the influence of alcohol. After the alcosensor also revealed the presence of alcohol, the officer placed Moody under arrest for DUI based on his opinion that Moody was under the influence of alcohol to the extent he was a less safe driver. After hearing the implied consent notice, Moody consented to a breath test, which revealed blood alcohol levels of 0.094 and 0.101.

(a) Moody argues that our opinion in *State v. Batty*, 259 Ga. App. 431 (577 SE2d 98) (2003), required the trial court to find that insufficient probable cause supported his arrest. We find no merit in this argument because in *Batty* we addressed the propriety of the trial court's *grant* of a motion to suppress and held that the standard of review required us to defer to the trial court's findings of fact and credibility. Id. at 432. The trial court specifically found that the arresting officer's credibility was lacking and evidence that the defendant's eyes were bloodshot "was never placed before the trial court for its consideration." Id. Thus, our opinion in *Batty* is distinguishable and did not require the trial court to reach a different result.

As there was sufficient evidence of probable cause to arrest, the trial court did not err by denying this ground of Moody's motion to suppress. See *Temples v. State*, 228 Ga. App. 228, 231 (491 SE2d 444) (1997).

(b) We also find no merit in Moody's assertion that the officer should have given him *Miranda* warnings before administering the field sobriety tests.

> As a general rule, *Miranda* warnings are not required while an investigating officer conducts preliminary questioning or field sobriety tests; however, after a DUI suspect is arrested, *Miranda* warnings must precede further field sobriety tests in order for evidence of the results to be admissible.

(Citations and emphasis omitted.) *Polizzotto v. State*, 248 Ga. App. 814, 816 (1) (547 SE2d 390) (2001). In this case, there was no evidence that the officer made "any statement that would cause a reasonable person to believe that [he] was under arrest and not temporarily detained during an investigation." Id. at 817 (1). As a result, the trial court properly denied this ground of Moody's motion to suppress.

2. In his remaining enumeration of error, Moody claims the trial court erred because it admitted evidence of three previous DUI convictions that were not similar or relevant and found that the probative value of this evidence outweighed its prejudicial impact. We find no merit in these arguments because the State met its burden of demonstrating the three prerequisites to admission of similar transaction evidence: (1) a permissible purpose for admitting the evidence; (2) sufficient evidence that the defendant committed the prior act; and (3) sufficient similarity between the previous act and the one with which the defendant is charged. *Lowenthal v. State*, 265 Ga. App. 266, 268 (1) (593 SE2d 726) (2004).

It is well settled that previous DUI convictions are admissible as similar transaction evidence and relevant to show bent of mind and

course of conduct. See, e.g., *Noble v. State*, 275 Ga. 635, 636 (2) (570 SE2d 296) (2002); *Kirkland v. State*, 206 Ga. App. 27, 28 (3) (424 SE2d 638) (1992). The State also established sufficient similarity: in each of the previous cases, Moody was arrested for DUI while driving late at night and in each of the cases he consented to a breath test that showed he was well over the legal limit, as he was in the present case. While one of the previous convictions occurred almost fifteen years earlier, it was the most similar, as Moody's intoxication in that case was also discovered after he was stopped for speeding. The lapse of time was not sufficient to render this previous DUI inadmissible; instead, it went to the weight of the evidence. See *Scott v. State*, 240 Ga. App. 586, 588 (2) (524 SE2d 287) (1999); *Hill v. State*, 230 Ga. App. 89, 90 (495 SE2d 333) (1998).

Finally, we find no merit in Moody's claim that the trial court should have exercised its discretion to find that the prejudicial impact of the similar transaction evidence outweighed its probative value. See *Smith v. State*, 232 Ga. App. 290, 292 (1) (501 SE2d 523) (1998) (recognizing trial court's discretion and finding it did not clearly err). "The decision to admit prior similar transaction evidence is within the discretion of the trial court and will not be disturbed absent an abuse of discretion." *Enloe v. State*, 239 Ga. App. 513, 514 (2) (520 SE2d 925) (1999). As in *Lucas v. State*, 234 Ga. App. 534, 537 (2) (507 SE2d 253) (1998), we find no abuse of discretion because, in light of the trial court's limiting instruction to the jury, the similar transaction evidence was not unduly prejudicial.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 15, 2005.

*Lynnette R. Rhodes*, for appellant.
*Joseph J. Drolet, Solicitor-General*, for appellee.