## A06A1378. SLAYTON v. THE STATE.
### (637 SE2d 67)

ADAMS, Judge.

Jackie C. Slayton was convicted by a jury of two counts of driving under the influence (Counts 1 and 2), two counts of endangering a child by driving under the influence (Counts 3 and 4) and failure to maintain lane (Count 5). For sentencing, the trial court merged the two DUI convictions, and merged Slayton's convictions for endangering a child by DUI with her conviction for failure to maintain lane. Slayton appeals, contending the trial court erred by denying her motion to suppress and by failing to merge her remaining DUI conviction with her conviction for endangering a child by DUI.

1. As is often the situation with close cases of this type, we are mindful that the standard of review is particularly critical here. *State v. Ellison*, 271 Ga. App. 898, 901-902, n. 7 (611 SE2d 129) (2005). Contending that we need look only to the undisputed facts announced by the trial court in his oral ruling following the hearing on the motion to suppress,[1] Slayton contends we should apply a de novo standard of review.

> We agree . . . that the trial court's application of the law to the facts is subject to de novo review if the facts are stipulated, or if the critical facts do not depend on the testimony of witnesses who are subject to cross-examination. However, a

---

[1] The trial court noted the following factors in denying the motion to suppress: the officer saw Slayton lose control of the vehicle "for whatever reason," the odor of alcohol, a positive alco-sensor and admission of drinking. The trial court specifically found, for the purpose of ruling on the motion to suppress, that Slayton's speech was not slurred.

trial court's ruling on a motion to suppress frequently involves a mixed question of fact and law. When the outcome of a motion to suppress depends on the credibility of the witnesses or on disputed facts, and the trial court has not committed an error of law, the court's ruling will not be disturbed on appeal. As a reviewing court, we must accept the factual and credibility determinations and inferences drawn by the trier of fact, even if we disagree with them, as long as there is evidence in the record to support the trial court's findings.

(Footnote omitted.) *State v. Sanders*, 274 Ga. App. 393, 394 (617 SE2d 633) (2005).

As is pertinent here, Troopers Bonaparte and Ensley of the Georgia State Patrol testified at the motion to suppress hearing. Bonaparte testified he was traveling northbound on Interstate I-75 to the site of a collision when he observed Slayton's car, which was traveling southbound, make an abrupt lane change and her car become "unstable." He did not witness the ensuing accident because he was traveling in the opposite direction away from Slayton, but testified that, given the traffic conditions, she was not going to be able to control her vehicle. Bonaparte testified that the instability of the vehicle was caused by the abrupt lane change.

Bonaparte went back to the accident after he finished his other investigation, and spoke to Ensley about the statement Slayton gave to him. Bonaparte said he did not believe Slayton was being truthful about how the accident happened,[2] so he decided to talk to her himself. Bonaparte testified that while he was talking to Slayton he noticed a strong odor of alcohol on her breath and asked if she had been drinking. He said Slayton told him she had been at a pool party and admitted she had been drinking, although he could not recall the amount of beer she said she had consumed.[3] Bonaparte testified that "her face was flushed, her eyes were watery and glassy, her mood was — I guess you could say almost tired and drowsy like. Her behavior deniable somewhat, she was denying that she was — that she had drank too much to affect her driving ability." He also observed beer cans in her car, but could not recall if they were open or closed. Ensley also testified about the beer cans, and said they were not open. Bonaparte conferred with Ensley and told him that Slayton needed to

---

[2] Slayton told Ensley she swerved to avoid debris in the road. Ensley testified that there was no debris in the road when he arrived, but that other drivers told him they had seen paper blowing around earlier and possibly that was what Slayton had seen.

[3] Bonaparte explained that because Trooper Ensley did the accident report, and he did not make a separate written report, he could not recall some of the details.

be tested because she was driving under the influence. Bonaparte informed Slayton she was under arrest for driving under the influence. He said they did not do field sobriety tests because of safety concerns at the scene, but that he did perform an alco-sensor which indicated positive for alcohol.

On cross-examination Bonaparte clarified that he could not recall the exact condition of Slayton's eyes, but he did remember her mood as being "drowsy like, I mean flushed, she had coloration on her." He went on to add that in addition to being flushed, she had a looseness when she walked. He testified these factors, as well as her admission that she had been drinking alcohol, led to his conclusion that she was under the influence.

Ensley testified that he also detected an odor of alcohol while talking to Slayton, that she was very emotional and had been crying, her face was flushed and her eyes were watery. He further testified that Slayton told him she had consumed an alcoholic beverage with her meal.

Slayton argues the evidence here was insufficient to establish probable cause to arrest her for driving under the influence. It is true as Slayton points out that it has been repeatedly held by this Court that the presence or odor of alcohol on a driver's breath does not, by itself, support an inference that the driver was impaired. E.g., *State v. Gray*, 267 Ga. App. 753, 755 (2) (600 SE2d 626) (2004); *State v. Batty*, 259 Ga. App. 431, 432 (577 SE2d 98) (2003). Likewise, a positive alco-sensor result shows only the presence of alcohol, not that the driver is intoxicated and it is less safe for him to drive. But here, in addition to these factors, there was testimony about Slayton's driving (abrupt lane change and car beginning to go out of control) as well as her appearance and demeanor. "When there is evidence that the defendant has been drinking, the manner of his driving may be considered on the question of whether he has been affected by alcohol to the extent that he is less safe to drive." (Citation omitted.) *Pecina v. State*, 274 Ga. 416, 419 (2) (554 SE2d 167) (2001). Moreover, we have also previously found that observations about the suspect's physical appearance, demeanor or behavior, as opposed to the mere presence of alcohol, can support a finding of impairment. *Jones v. State*, 273 Ga. App. 192, 194 (1) (c) (614 SE2d 820) (2005). *State v. Sledge*, 264 Ga. App. 612, 615 (591 SE2d 479) (2003) and cites.

> The test of probable cause requires merely a probability — less than a certainty but more than a mere suspicion or possibility. To arrest a suspect for driving under the influence, an officer need only have knowledge or reasonably trustworthy information [sufficient to authorize a prudent person to believe] that (the) suspect was actually in physical

control of a moving vehicle, while under the influence of alcohol to a degree which renders him incapable of driving safely.

(Punctuation and footnotes omitted.) *State v. Sledge*, 264 Ga. App. at 614. *State v. Ellison*, 271 Ga. App. at 900 (2). Moreover, we are mindful that "[a]s an appellate court for the correction of legal errors, we must draw all reasonably permissible inferences from the evidence to support the trial court's ruling." (Footnote omitted.) *State v. Ellison*, 271 Ga. App. at 903 (5). Thus, we cannot say that the trial court erred by finding sufficient probable cause to arrest Slayton for driving under the influence given the evidence of these additional factors indicating impairment.

Slayton argues however, that reversal is required by *State v. Gray*, 267 Ga. App. 753 and similar cases. But cases involving the review of a trial court's order *granting* a motion to suppress, such as *State v. Gray* and *State v. Batty*, 259 Ga. App. 431 are distinguishable because of the standard of review requiring us to defer to the trial court's findings of fact and credibility rulings. *Moody v. State*, 273 Ga. App. 670, 671 (1) (a) (615 SE2d 803) (2005). As we have previously noted, that standard might require us to affirm the *denial* of a motion to suppress under the same facts depending on the credibility determinations and inferences drawn by the trial court. *State v. Ellison*, 271 Ga. App. at 901-902, n. 7. Likewise, those cases cited by Slayton involving challenges to the sufficiency of the evidence, while instructive, are also distinguishable because they require evidence of impairment beyond a reasonable doubt, instead of the lesser proof required for a finding of probable cause.

2. Slayton's contention that in imposing sentence the trial court should have merged the DUI conviction with the conviction for endangering a child by DUI is without merit. OCGA § 40-6-391 (l) provides that

[a] person who violates this Code section while transporting in a motor vehicle a child under the age of 14 years is guilty of the separate offense of endangering a child by driving under the influence of alcohol or drugs. The offense of endangering a child by driving under the influence of alcohol or drugs shall not be merged with the offense of driving under the influence of alcohol or drugs for the purposes of prosecution and sentencing. An offender who is convicted of a violation of this subsection shall be punished in accordance with the provisions of subsection (d) of Code Section 16-12-1, relating to the offense of contributing to the delinquency, unruliness, or deprivation of a child.

Slayton's second enumeration of error is thus also without merit.
*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 22, 2006.

*Amy A. Petulla,* for appellant.
*Herbert E. Franklin, Jr., District Attorney, Grover W. Hudgins, Assistant District Attorney,* for appellee.