A09A0362. THE STATE v. GOODE.
(681 SE2d 199)

BERNES, Judge.

Ashley Lauren Goode was arrested for driving under the influence of alcohol ("DUI") to the extent it was less safe for her to drive. She filed a motion to suppress on the ground that the arresting officer lacked probable cause to believe that she was an impaired driver. Following an evidentiary hearing, the trial court granted the motion. The state appeals, contending that the evidence demanded a

YALE LAW LIBRARY

finding that probable cause existed for Goode's arrest. We disagree and affirm.

The state contends that the facts are undisputed and that we must apply a de novo standard of review in evaluating the trial court's grant of the motion to suppress. See *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

> We agree that the trial court's application of the law to the facts is subject to de novo review if the facts are stipulated, or if the critical facts do not depend on the testimony of witnesses who are subject to cross-examination. However, a trial court's ruling on a motion to suppress frequently involves a mixed question of fact and law. When the outcome of a motion to suppress depends on the credibility of the witnesses or on disputed facts, and the trial court has not committed an error of law, the court's ruling will not be disturbed on appeal. As a reviewing court, we must accept the factual and credibility determinations and *inferences drawn by the trier of fact*, even if we disagree with them, as long as there is evidence in the record to support the trial court's findings.

(Citation and punctuation omitted; emphasis supplied.) *Slayton v. State*, 281 Ga. App. 650, 650-651 (1) (637 SE2d 67) (2006). Where, as here, the underlying facts support conflicting inferences as to whether the defendant was an impaired driver, we apply a clearly erroneous standard of review and defer to the trial court's finding on the issue. See *Gardner v. State*, 225 Ga. App. 427, 436 (483 SE2d 912) (1997) ("A reviewing court faced with a record of historical facts that supports conflicting inferences must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts.") (citation and punctuation omitted). See also *Slayton*, 281 Ga. App. at 653 (1) (emphasizing that deferential standard of review may require this Court to affirm the trial court's grant or denial of a motion to suppress "under the same facts depending on the ... inferences drawn by the trial court") (citation omitted).

So viewed, the evidence showed that one morning at approximately 3:00 a.m., a Cobb County police officer was on routine patrol when he pulled behind Goode's vehicle. The officer followed Goode's vehicle for about one mile, and observed that Goode was "driving fine." At the suppression hearing, the officer acknowledged that Goode exhibited no signs of impairment in the way she was operating her vehicle. The officer nevertheless decided to run a check on the vehicle tag. He received information that the vehicle's registration had been suspended and consequently initiated a traffic stop.

After initiating the stop, the officer approached Goode's vehicle and spoke with Goode about the registration issue. Goode spoke coherently, did not slur her speech, mumble, or stutter, and complied with the officer's requests to produce her license and insurance registration. Goode informed the officer that she had just gotten off from work at a local restaurant.

While speaking to Goode, the officer noted a strong odor of alcohol emanating from her, an odor which the officer later conceded could have been associated with waiting tables in a place where drinks are served. The officer asked Goode whether she had consumed any alcoholic beverages and Goode admitted to drinking "a little bit more than one" glass of wine about 20 minutes earlier. The officer further noted that Goode's eyes were glassy and watery, although they were neither red nor bloodshot. The officer later agreed that Goode's glassy and watery eyes could have been the result of a cold, fatigue, or her late night work in a smokey environment.

Goode submitted to an alco-sensor test, which was positive for the presence of alcohol. The officer then asked Goode to step out of her vehicle and told her that he wanted to make sure that she was safe to drive. Goode was steady on her feet and did not slip, stagger, or require assistance as she exited her vehicle. The officer requested that Goode perform certain standardized field sobriety evaluations, namely, the walk and turn test and the one-leg stand test.[1] Goode voluntarily performed and successfully passed both tests.

After Goode successfully completed the field sobriety tests, she submitted to another alco-sensor test, the result of which was again positive for the presence of alcohol. The officer thereafter placed Goode under arrest for DUI-less safe.

Following her arrest, Goode filed a motion to suppress contending that her arrest was illegal because the arresting officer lacked probable cause to believe that she was an impaired driver. At the suppression hearing, the trial court heard the testimony of the arresting officer and also viewed a videotape of the traffic stop itself. In addition to the facts set out above, the officer testified that based on his training and experience and what he had observed during the traffic stop, it was his opinion that Goode was under the influence of alcohol to the extent that she was an unsafe driver. After listening to the officer's testimony and viewing the videotaped traffic stop, the trial court granted the motion to suppress.

---

[1] The officer also had Goode perform the horizontal gaze nystagmus test, but the results were suppressed by agreement of the parties because the officer did not conduct the test correctly.

To authorize an arrest for DUI-less safe, an officer must "have knowledge or reasonably trustworthy information that the suspect was actually in physical control of a moving vehicle, while under the influence of alcohol to a degree which renders him incapable of driving safely." (Punctuation and footnote omitted.) *State v. Sledge*, 264 Ga. App. 612, 614 (591 SE2d 479) (2003). See OCGA § 40-6-391 (a) (1). Significantly,

> [i]f the evidence shows only that a driver is intoxicated and does not show that his consumption of alcohol has impaired his ability to drive, there is no probable cause to arrest for DUI-less safe. Impaired driving ability depends solely upon an individual's response to alcohol. Because individual responses to alcohol vary, the presence of alcohol in a defendant's body, by itself, does not support an inference that the defendant was an impaired driver.

(Citations and punctuation omitted.) *State v. Rish*, 295 Ga. App. 815, 816-817 (673 SE2d 259) (2009).

The state contends that the officer had probable cause to arrest Goode for DUI-less safe based upon the strong odor of alcohol emanating from her, her glassy and watery eyes, her admission to drinking, and the positive readings on the alco-sensor tests. We have held that these facts can be sufficient to support an inference by the trial court that the defendant was an impaired driver and thus to support the denial of a motion to suppress. See *State v. Ellison*, 271 Ga. App. 898, 904 (6) (611 SE2d 129) (2005); *Frederick v. State*, 270 Ga. App. 397, 398 (606 SE2d 615) (2004). But "such evidence does not *require* a finding of impairment." (Footnote omitted; emphasis in original.) *Ellison*, 271 Ga. App. at 904 (6). See also *Slayton*, 281 Ga. App. at 653 (1).[2]

Here, the arresting officer provided other testimony supporting an inference that Goode was not an impaired driver, namely, her proper operation of her vehicle, her successful completion of the field sobriety tests, her coherent interaction with the officer, and her steadiness on her feet after exiting the vehicle. The officer also admitted that Goode's glassy and watery eyes were not bloodshot

---

[2] Compare *State v. Preston*, 293 Ga. App. 94, 96 (666 SE2d 417) (2008) (driver's admission to drinking alcohol, bloodshot eyes, odor of alcohol, positive alco-sensor test, *and driver's failure of field sobriety test* established probable cause as a matter of law, where trial court did not reject all or part of the investigating officer's testimony as lacking credibility); *State v. Sledge*, 264 Ga. App. 612, 615 (591 SE2d 479) (2003) (driver's bloodshot and glassy eyes, odor of alcohol, positive alco-sensor test, *and driver's reckless driving* established probable cause as a matter of law, where trial court did not reject all or part of the investigating officer's testimony as lacking credibility).

YALE LAW LIBRARY

and could have been caused by any number of alternative factors. Finally, when the trial court viewed the videotape of the traffic stop, the court had the opportunity to observe Goode's speech, balance, and dexterity prior to her arrest.

Given this record, we must conclude that there was evidence to support the trial court's finding that Goode was not an impaired driver. See *State v. Batty*, 259 Ga. App. 431, 431-432 (577 SE2d 98) (2003) (affirming grant of motion to suppress where the suspect smelled of alcohol, admitted to having consumed alcohol, and was "a little bit unsteady" but voluntarily performed and passed all of the field sobriety tests administered by the officer). In finding that Goode was not an impaired driver, the trial court was not bound by the officer's opinion on the impairment issue. See *Ellison*, 271 Ga. App. at 901 (3) (b), n. 7, 903-904 (6) (trial court was entitled to reject officer's professed belief that cause of the suspect's bloodshot, watery eyes was impairment due to alcohol); *McKay v. State*, 264 Ga. App. 726, 729 (2) (592 SE2d 135) (2003) (the trier of fact may accept or reject all or part of a witness' opinion testimony concerning whether a person is impaired by alcohol). Thus, we cannot say that the trial court erred by finding that the officer lacked probable cause to arrest Goode for DUI-less safe.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur in judgment only.*

DECIDED JULY 7, 2009.

*Barry E. Morgan, Solicitor-General, Jessica K. Moss, Melissa C. Brickey, Assistant Solicitors-General*, for appellant.
*H. Maddox Kilgore*, for appellee.