A09A2196. THE STATE v. LONG et al.
(689 SE2d 369)

JOHNSON, Presiding Judge.

Following a traffic stop, an officer with the Kennesaw Police Department found marijuana inside a car driven by Jordan Taylor Long and in which Harrison Hunter Irvin was a passenger. After Long and Irvin were charged with possession of marijuana with the intent to distribute, they filed separate motions to suppress the evidence found in the search of the vehicle. The trial court granted the motions, finding that the police officer did not have legal authority either to initiate the traffic stop or to expand the traffic stop and subject Long and Irvin to a continued detention. The state appeals from the grant of the motions, but we find no trial court error and affirm.

In reviewing a trial court's ruling on a motion to suppress, we construe the evidence most favorably to upholding the findings of fact and judgment of the trial court.[1] We must accept the trial court's findings on disputed facts and credibility unless those findings are clearly erroneous, and the trial court's findings will not be disturbed if there is any evidence to support them.[2]

Viewed in this light, the record shows that on November 28, 2007, a police officer was stationed in a marked car in an area known for drug activity. At approximately 8:00 p.m., the officer observed a Toyota Avalon decreasing in speed as it approached his squad car. As the Toyota passed by, the officer saw the occupants, who were later identified as Long and Irvin, "slump down" and avoid eye contact with him. The officer also noticed that a black "HomeBanc" tag cover obscured a portion of the vehicle's license plate so that the county of issuance was not legible.

The police officer initiated a traffic stop of the Toyota based on OCGA § 40-2-41, which provides that "[n]o apparatus that obstructs or hinders the clear display and legibility of a license plate shall be attached to the rear of any motor vehicle required to be registered in the state." The officer observed that Long appeared nervous and that his hand shook as he handed him his driver's license.

---

[1] See *State v. Batty*, 259 Ga. App. 431 (577 SE2d 98) (2003).

[2] See id.; *State v. Jourdan*, 264 Ga. App. 118, 119 (589 SE2d 682) (2003).

At some point after receiving Long's driver's license and insurance information, the officer asked Long for consent to search the vehicle. Long refused to provide consent. The officer requested a K-9 unit to be sent to the scene and asked Long and Irvin to get out of the vehicle. The officer waited approximately 20 minutes for the K-9 unit. During that time, he "was just talking to [Long and Irvin,]" and he also looked inside the car to make sure there were not any weapons or other contraband in plain sight. At some point while the officer was waiting for the K-9 unit, he noticed the smell of burnt marijuana emanating from the passenger side door of the vehicle, which Irvin had left open.

After the officer told Long and Irvin that he smelled marijuana, Irvin admitted to having a marijuana pipe in the car, and he showed the officer the pipe. The officer also recovered a prescription bottle that was kept with the pipe and that contained marijuana. The officer then conducted a search of the vehicle and discovered a plastic bowl containing "a substantial amount" of marijuana along with $779 in cash.

The state argues that the trial court erred in granting Long's and Irvin's motions to suppress. It alleges that the trial court erred in finding that the police officer did not have legal authority to initiate the traffic stop and in finding that the police officer unlawfully expanded the detention of Long and Irvin prior to smelling the marijuana.[3] Pretermitting whether the presence of a car tag that obscures the license plate's county of issuance constitutes a violation of OCGA § 40-2-41, and thereby authorized the stop,[4] we find that the evidence supports the trial court's finding that the police officer unreasonably prolonged the detention of Long and Irvin.

> The officer's purpose in an ordinary traffic stop is to enforce the laws of the roadway, and ordinarily to investigate the manner of driving with the intent to issue a citation or warning. Once the purpose of that stop has been fulfilled, the continued detention of the car and the occupants amounts to a second detention.[5]

---

[3] The state does not argue that the police officer had reasonable articulable suspicion of criminal activity based on the presence of Long and Irvin in an area known for drug activity or on Long's nervousness. See *State v. Kwiatkowski*, 238 Ga. App. 390, 393 (519 SE2d 43) (1999).

[4] But see *Nelson v. State*, 247 Ga. App. 455, 456 (1) (544 SE2d 189) (2001) (holding that OCGA § 40-2-41 requires that "no portion of the license tag may be covered with any material so as to render the license information illegible").

[5] (Citation and punctuation omitted.) *Salmeron v. State*, 280 Ga. 735, 736 (1) (632 SE2d 645) (2006).

While the police may lawfully ask questions unrelated to the purpose of a valid traffic stop, the questioning must not unreasonably prolong the detention.[6] We have held that a "reasonable time" to issue a citation or written warning includes the time necessary to verify the driver's license, insurance, and registration, to complete any paperwork connected with the citation or a written warning, and to run a computer check to determine whether there are any outstanding arrest warrants for the driver or the passengers.[7]

Here, a question of fact exists as to what steps the police officer had taken to fulfill the purpose of the traffic stop at the time that he asked for consent to search the vehicle. A trial court's findings on questions of fact and credibility at a suppression hearing must be accepted unless they are clearly erroneous, and "in the absence of evidence of record *demanding* a finding contrary to the judge's determination, the appellate court will not reverse the ruling sustaining a motion to suppress."[8]

While the state relies on a portion of the transcript in which it appears that the officer requested consent to search prior to verifying Long's driver's license and insurance information, the trial court relied on other testimony, in which it appears that the police officer received and verified Long's driver's license and insurance information, confirmed that no warrants existed for either Long or Irvin, and only then requested permission to search the vehicle. Although the record is not clear about the order in which the officer took these steps, evidence supports the trial court's finding.

While the police officer did not unreasonably extend the detention of Long and Irvin by requesting consent to search the vehicle,[9] Long refused to provide such consent. Long and Irvin were then detained an additional 20 minutes while the police officer waited for a K-9 unit. During that time, the police officer had apparently fulfilled the purpose of the initial stop other than handing Long his citation and returning his driver's license and insurance information. As we are required to do, we will defer to the trial court's finding that the prolonged detention was unreasonable,[10] and its ruling on the motion to suppress must be affirmed.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

---

[6] Id. at 738 (1).

[7] *Hayes v. State*, 292 Ga. App. 724, 729 (2) (b) (665 SE2d 422) (2008).

[8] (Citation and punctuation omitted; emphasis in original.) *State v. Stephens*, 289 Ga. App. 167 (657 SE2d 18) (2008).

[9] See *Hayes*, supra at 731 (2) (e).

[10] See id. at 729 (2) (c) (We will defer to the trial court's determination that the prolongation of a detention was reasonable or unreasonable "unless the facts are truly egregious.").

DECIDED JANUARY 5, 2010.

*Patrick H. Head, District Attorney, Dana J. Norman, Henry R. Thompson, John R. Edwards, Assistant District Attorneys*, for appellant.

*Steven A. Cook, John R. Greco*, for appellees.