A09A2151. THE STATE v. ENCINAS.
(691 SE2d 257)

ANDREWS, Presiding Judge.

The State appeals from the trial court's grant of Senen James Encinas, Jr.'s motion in limine to exclude evidence that he refused to

take a state-administered chemical test. In granting the motion, the trial court found that there was not probable cause to arrest Encinas for DUI. For the reasons that follow, we affirm.

At the hearing on the motion in limine, the arresting officer testified that he stopped Encinas for going 70 miles per hour in a 55 mile per hour zone. The officer testified that he also noticed that Encinas was "riding against the fog line" but acknowledged that he did not cross over or onto it. When the officer approached the driver's side of the car, he noted that Encinas had bloodshot, glassy eyes and also noted the odor of alcohol coming from inside the car. The officer asked Encinas how much he had drunk and Encinas replied that he had not been drinking. Encinas said that he had just dropped someone off who had been drinking and that was why the car smelled of alcohol.

The officer asked Encinas to perform some field sobriety tests and when Encinas got out of the car the officer could smell alcohol on his breath. The officer first had Encinas take the horizontal gaze nystagmus (HGN) test. According to the officer, there was a lack of "smooth pursuit" and a "distinct and sustained nystagmus at maximum deviation in both eyes." Encinas refused to perform any more tests and the officer arrested him for DUI. After his arrest, Encinas also refused to take the Intoxilyzer 5000 breath test.

On cross-examination, the officer acknowledged that except for the bloodshot eyes and the smell of alcohol, Encinas did not exhibit other signs of being impaired. For instance, he did not fumble with his wallet or seem disoriented when he got out of the car. He was not unsteady on his feet, nor was his speech slurred. Further, the officer testified that when performing the test for HGN, the tester is supposed to "take the eye all the way out to maximum deviation and hold it for a minimum of four seconds and see if the nystagmus is present." But, after the videotape of his administering the test to Encinas was played, the officer acknowledged that he did not comply with the four-second requirement.

The trial court found that the State's case for probable cause to arrest consisted of the odor of alcohol, the HGN test, and Encinas's refusal to perform further tests. The court also found that there were other factors indicating that Encinas was not impaired; namely, his speech, steadiness on his feet, and the fact that he appeared "normal" on the videotape.

On appeal, the State argues that we should apply a de novo review to the trial court's finding that the officer did not have probable cause to arrest.

We agree that the trial court's application of the law to the facts is subject to de novo review if the facts are stipulated,

YALE LAW LIBRARY

or if the critical facts do not depend on the testimony of witnesses who are subject to cross-examination. However, a trial court's ruling on a motion to suppress frequently involves a mixed question of fact and law. When the outcome of a motion to suppress depends on the credibility of the witnesses or on disputed facts, and the trial court has not committed an error of law, the court's ruling will not be disturbed on appeal. As a reviewing court, we must accept the factual and credibility determinations and *inferences drawn by the trier of fact*, even if we disagree with them, as long as there is evidence in the record to support the trial court's findings.

*State v. Goode*, 298 Ga. App. 749, 750 (681 SE2d 199) (2009), citing *Slayton v. State*, 281 Ga. App. 650, 650-651 (1) (637 SE2d 67) (2006).

"Where, as here, the underlying facts support conflicting inferences as to whether the defendant was an impaired driver, we apply a clearly erroneous standard of review and defer to the trial court's finding on the issue." *Goode*, supra at 750.

The probable cause needed to conduct a DUI arrest requires that the officer have knowledge or reasonably trustworthy information that a suspect was actually in physical control of a moving vehicle, while under the influence of alcohol *to a degree which renders him incapable of driving safely*. If the evidence shows only that the driver is intoxicated but does not show that such has impaired him, the evidence is insufficient to show probable cause for DUI. Impaired driving ability depends solely upon an individual's response to alcohol. Because individual responses to alcohol vary, the presence of alcohol in a defendant's body, by itself, does *not* support an inference that the defendant was an impaired driver.

(Citations and punctuation omitted.) *State v. Gray*, 267 Ga. App. 753, 755 (600 SE2d 626) (2004).

Here, there was no evidence that alcohol affected Encinas's ability to drive. In a similar case, this Court upheld the trial court's determination that there was not probable cause to arrest even though the officer testified that the defendant exuded a strong odor of alcohol, had bloodshot watery eyes, and refused to take any field sobriety tests. *State v. Ellison*, 271 Ga. App. 898, 901 (611 SE2d 129) (2005).

The State argues, however, that this Court has held that probable cause to arrest can be supported merely by an experienced

officer's observation that a defendant exuded the odor of alcohol and had bloodshot watery eyes, citing *Cann-Hanson v. State*, 223 Ga. App. 690 (478 SE2d 460) (1996). But in *Cann-Hanson*, the defendant also failed three field sobriety tests. Id. at 691. Likewise, in *Frederick v. State*, 270 Ga. App. 397 (606 SE2d 615) (2004), also cited by the State, the defendant's eyes were glassy, he smelled strongly of alcohol and also admitted that he had been drinking. Id. at 398.

Moreover, in this case, there was the additional evidence of the officer's testimony and the videotape that the driver showed no signs of being impaired and was not driving erratically.[*]

Accordingly, we conclude that the trial court did not err in finding that there was insufficient evidence of impaired driving ability; therefore, the officer lacked probable cause to arrest Encinas for DUI. See *Ellison*, supra; *State v. Batty*, 259 Ga. App. 431, 432 (577 SE2d 98) (2003) ("as a result of the lack of driving manifestations and the lack of personal manifestations, the officer did not have probable cause to believe that the Defendant was under the influence to the extent that she was a less safe driver") (punctuation omitted).

*Judgment affirmed. Miller, C. J., and Barnes, J., concur.*

DECIDED FEBRUARY 12, 2010.

*Otis L. Scarbary, Solicitor-General, Cynthia T. Adams, Assistant Solicitor-General*, for appellant.

*Stein & Ward, George A. Stein, Brian T. Caron, Jeremy E. Citron*, for appellee.

---

[*] The State also refers to "failing to maintain lane" in its brief even though there was no evidence that Encinas had failed to maintain his lane.

