## A11A1886. MAYBERRY v. THE STATE.

(718 SE2d 822)

BARNES, Presiding Judge.

Terry Elizabeth Mayberry filed a motion in limine and motion to suppress in which she alleged that the police lacked probable cause to arrest her for driving under the influence of alcohol. She sought the exclusion of any testimony or other evidence regarding the State-administered breath test administered after her arrest. Following an evidentiary hearing, the trial court denied the motions, and Mayberry thereafter was convicted of driving with an alcohol concentration of 0.08 grams or more within three hours of driving. On appeal, she contends that the trial court should have granted her motion in limine and motion to suppress. We disagree and affirm.

"Where, as here, the salient facts relating to the traffic stop are undisputed and no question regarding the credibility of witnesses is presented, the trial court's application of the law to the undisputed facts is subject to de novo appellate review." *Frederick v. State*, 270 Ga. App. 397, 397-398 (606 SE2d 615) (2004).

The undisputed facts are as follows. On October 3, 2009, at approximately 11:00 p.m., a police sergeant was driving eastbound in his patrol car on Atlanta Highway in Oconee County. As the sergeant negotiated a curved section of the highway, a vehicle driving westbound approached the curve and veered toward his lane of travel. The driver and sole occupant of the vehicle was Mayberry. After the sergeant passed Mayberry's vehicle, he looked in his rearview mirror and observed the left-side tires of the vehicle cross over the double yellow lines in the center of the highway by at least one foot. The sergeant then turned his patrol car around and initiated a traffic stop of Mayberry's vehicle.

After initiating the traffic stop, the sergeant approached the vehicle and spoke with Mayberry, who had a strong odor of alcoholic beverage on her breath. Mayberry admitted to the sergeant that she had consumed a "couple" of alcoholic beverages, and she submitted to an alco-sensor test, which was positive for the presence of alcohol.

The sergeant did not perform any field sobriety tests because of safety concerns "due to location and conditions."

The sergeant then placed Mayberry under arrest for driving under the influence of alcohol. He read the implied consent notice to Mayberry, and she agreed to take a State-administered breath test. The test results showed that Mayberry had a blood-alcohol concentration over the legal limit.

The trial court did not err in finding that the sergeant had probable cause to arrest Mayberry and thus in denying her motion in limine and motion to suppress.

> The test of probable cause requires merely a probability — less than a certainty but more than a mere suspicion or possibility. To arrest a suspect for driving under the influence, an officer need only have knowledge or reasonably trustworthy information sufficient to authorize a prudent person to believe that the suspect was actually in physical control of a moving vehicle, while under the influence of alcohol to a degree which renders him incapable of driving safely.

(Citations and punctuation omitted.) *Slayton v. State*, 281 Ga. App. 650, 652-653 (1) (637 SE2d 67) (2006).

Mayberry argues that the only determination made by the police sergeant was that she had consumed some amount of alcohol, and she maintains that the sergeant had no knowledge or no reasonably trustworthy information available to him that her level of consumption rendered her less safe to drive. Mayberry emphasizes that after the sergeant stopped her vehicle, he failed to conduct any field sobriety tests or observe any manifestations of impairment such as slurred speech, bloodshot eyes, or unsteadiness on her feet.

We are unpersuaded by Mayberry's argument in light of the sergeant's observations of her manner of driving. "When there is evidence that the defendant has been drinking, the manner of his driving may be considered on the question of whether he has been affected by alcohol to the extent that he is less safe to drive." *Pecina v. State*, 274 Ga. 416, 419 (2) (554 SE2d 167) (2001). See *State v. Sledge*, 264 Ga. App. 612, 615 (591 SE2d 479) (2003) (defendant's "conduct while driving" relevant for assessing probable cause to arrest for driving under the influence). As we have pointed out, "traffic violations may suggest the negative influence of intoxication on the operation of the vehicle" by the defendant driver. (Citation, punctuation and footnote omitted.) *Jones v. State*, 273 Ga. App. 192, 193 (1) (a) (614 SE2d 820) (2005).

Here, the undisputed evidence that Mayberry veered toward the

opposing lane of traffic and failed to maintain her lane, when combined with the other undisputed evidence that she had consumed alcohol, was sufficient to create probable cause for her arrest. See *Slayton*, 281 Ga. App. at 652-653 (1) (affirming denial of motion to suppress, where there was testimony that defendant who had been drinking made an abrupt lane change causing her car to become "unstable"); *Sledge*, 264 Ga. App. at 613-615 (affirming denial of motion to suppress, where there was testimony reflecting "obvious reckless driving" by the defendant).

In reaching this conclusion, we note that Mayberry's reliance upon *State v. Encinas*, 302 Ga. App. 334 (691 SE2d 257) (2010), and *State v. Gray*, 267 Ga. App. 753 (600 SE2d 626) (2004), is misguided. In *Encinas*, 302 Ga. App. at 335, the arresting officer testified that he had observed the defendant's vehicle "riding against the fog line" but conceded that the defendant had not crossed over or onto the line. Thus, there was no evidence that the defendant had committed a traffic offense, such as failure to maintain his lane. Id. at 337, n. 1. Furthermore, the trial court found as a factual matter that there was evidence that the defendant was not impaired, namely, "his speech, steadiness on his feet, and the fact that he appeared 'normal' on the videotape" of the traffic stop. Id. at 335. On appeal, we affirmed the trial court's grant of the motion to suppress. Id. at 336-337.

In *Gray*, 267 Ga. App. at 754-755 (1), the trial court found that the arresting officer lacked credibility and that the defendant's confused actions were the result of an automobile accident, rather than impairment caused by intoxication. Based upon these findings, the trial court granted the defendant's motion to suppress, id. at 755 (1), and we affirmed on appeal. Id. at 755-756 (2).

*Encinas* and *Gray* are clearly distinguishable from the present case because in those two cases the State was appealing the grant of a motion to suppress, and the standard of review required us to defer to the trial court's findings of fact, credibility determinations, and inferences drawn from the evidence. See *Slayton*, 281 Ga. App. at 653 (1). Here, in contrast, the material facts were undisputed, there was testimony relating to Mayberry's manner of driving that created an inference that she was impaired, and the trial court denied the motion to suppress. Accordingly, *Encinas* and *Gray* are simply inapposite.

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED OCTOBER 19, 2011 —
RECONSIDERATION DENIED NOVEMBER 14, 2011 —

*Thomas A. Camp*, for appellant.
*Kenneth W. Mauldin, District Attorney, Kristopher M. Bolden,*

*Assistant District Attorney*, for appellee.